# Maryland Coal and Coke Company *v.* James C. Davis, Director General of Railroads, Agent, Appellant.

*Coal—Fuel administration—Director general of railroads—Seizure of coal—Act of Congress of August 10, 1917, c. 53, 40 St. L. 276—Act of Congress of February 20, 1920, c. 91, 41 St. L. 456.*

In an action to recover damages for adjusted prices for coal seized by the Director General, suit, is properly brought under the Act of Congress of February 20, 1920, c. 91, 41 St. L. 456, against the Director General of Railroads, and not against the United States eo nomine.

Argued October 16, 1924.   Appeal, No. 65, Oct. T., 1924, by defendant, from judgment of C. P. No. 4, Phila. Co., Dec. T., 1919, No. 897½, in favor of plaintiff in the case of Maryland Coal and Coke Company v. James C.

Davis, Director General of Railroads, Agent. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit for price of coal seized under Lever Act. Before FINLETTER, J.

The opinion of the Superior Court states the case.

The court entered judgment in favor of the plaintiff. Defendant appealed.

*Error assigned* was the judgment of the court.

*Francis B. Biddle,* of *Barnes, Biddle and Morris,* for appellant.

*Arthur S. Minster,* for appellee.

OPINION BY PORTER, J., February 27, 1925:

This action was brought by the plaintiff against James C. Davis, Director General of Railroads, Agent, to recover a balance alleged to be due for coal requisitioned by the Director General of Railroads, operating the Pennsylvania Railroad, in January, 1918. The plaintiff recovered a judgment in the court below and the defendant appeals.

The defendant contends that the court below was without jurisdiction; that the action would not lie against the Director General and should have been brought against the United States. This question has been decided adversely to the contention of the appellant by the Supreme Court of Pennsylvania: Newton Coal Co. v. Davis, Director General of Railroads, etc., 281 Pa. 74. The question whether the order of the United States Fuel Administration, of March 27, 1918, fixing the price of coal, which had been sold and paid for at provisional prices subject to revision by the United States Fuel Administration, was retroactive, has been considered in an

opinion this day filed in the case of this plaintiff v. Pennsylvania Railroad Co. and decided adversely to the contention of the appellant.

The judgment is affirmed.